UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TACHICA CALLAHAN,<br>    *Plaintiff*,<br><br>v.<br><br>CITY OF NEW HAVEN DEPARTMENT OF<br>HUMAN RESOURCE *et al.*,<br>    *Defendants*. | No. 3:18-cv-00488 (JAM) |

**ORDER GRANTING MOTION TO DISMISS**

Plaintiff Tachica Callahan has filed a *pro se* complaint against the City of New Haven Department of Human Resources and the City of New Haven Civil Service Board. She claims that she was subject to unlawful employment discrimination. Defendants have moved to dismiss on the ground that they are not legal entities who may be subject to suit. I agree, and will therefore dismiss Callahan's complaint.

## BACKGROUND

Callahan has filed this lawsuit against two defendants: the City of New Haven Department of Human Resources and the City of New Haven Civil Service Board.[1] She has not named in the caption of her complaint the City of New Haven or any individual as a defendant. *See* Fed. R. Civ. P. 10(a) (stating that "[t]he title of the complaint must name all the parties").

The complaint alleges that Callahan is an African American female. Doc. #1 at 1 (¶ 1). On December 29, 2015, Callahan took the New Haven Civil Service Examination for the position of Collections Service Representative. *Id.* at 2 (¶ 3). On January 26, 2016, the examination was certified, and Callahan was notified the next day that she had passed with a

---

[1] The complaint names the "Department of Human Resource," and I assume that it means to name the "Department of Human Resources."

1

score of 100%, placing her in the top rank from the exam. *Ibid.* (¶¶ 5–6). After Callahan expressed interest in interviewing for the position, she was told that the position had been given to a female Hispanic candidate who had scored #2 on the civil service exam. *Id.* at 2–3 (¶¶ 7–10). Callahan alleges that she was not interviewed or hired for the position because of her race and because of her previous opposition to discriminatory conduct. *Id.* at 3 (¶¶ 12–14).

## DISCUSSION

Rule 17 of the Federal Rules of Civil Procedure governs the capacity of any person or entity to be subject to a lawsuit in federal court. It provides in relevant part that, for any defendant who is neither an individual nor a corporation, the capacity to sue such a defendant shall be governed "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3).

Connecticut law allows for a city or municipality to sue or be sued in its own right. *See* Conn. Gen. Stat. § 7-148(c)(1)(A). But Connecticut courts hold that sub-entities within a municipal government cannot sue or be sued unless they "constitute distinct 'bodies politic' under state law," and that "the proper defendant is the municipality itself, not an administrative subdivision." *Farmington-Girard, LLC v. Planning & Zoning Comm'n*, 2019 WL 935500, at *10 (D. Conn. 2019) (quoting *Luysterborghs v. Pension & Ret. Bd.*, 927 A.2d 385, 387–88 (Conn. Super. 2007)). If the legislature has not said so, then a sub-entity of a municipality may not be subject to suit. *See ibid.*; *Rogers v. City of New Britain*, 189 F. Supp. 3d 345, 357–58 (D. Conn. 2016) (same).

Callahan has not identified any Connecticut law that authorizes lawsuits against the City of New Haven Department of Human Resources or the City of New Haven Civil Service Board or, for that matter, against municipal departments of human resources or civil service boards in general. Accordingly, I will dismiss the complaint.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss (Doc. #18) is GRANTED. The complaint is DISMISSED without prejudice to filing of an amended complaint within 30 days of today by **April 4, 2019**, that names only defendants who are properly subject to suit. If Callahan does not file an amended complaint by **April 4, 2019**, then this dismissal order shall be with prejudice, and the Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 5th day of March 2019.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge